MICHELE BECKWITH
Acting United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone: (916) 554-2700

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel
SAMUEL KUHN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-3847

SUE BAI
Supervisory Official, National Security Division
PATRICK CASHMAN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>DALLAS ERIN HUMBER,<br>                  Defendant. | CASE NO. 2:24-CR-00257-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND [PROPOSED] ORDER |

# STIPULATION

1. By previous order, this matter was set for status on June 6, 2025.

2. By this stipulation, the parties now move to continue the status conference until September 26, 2025, and to exclude time between June 6, 2025, and September 26, 2025, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) At the previous status conference, on February 14, 2025, the Court granted the government's request to designate a Classified Information Security Officer pursuant to the Classified Information Procedures Act ("CIPA"), and, at the request of counsel for both Defendants, the Court deferred setting a discovery and motion schedule in relation to the classified information. The government anticipates filing its CIPA Section 4 brief in June 2025.

    b) On March 27, 2025, the government provided to defense counsel its third supplemental discovery production, which consisted of more than 3,500 files, including thousands of pages of documents, hundreds of hours of audio and video recordings, and the complete digital images of two devices seized from the defendants, which together comprise approximately 25 terabytes of data. Specifically, on March 27, the government produced all non-native files to defense counsel for both defendants along with a placeholder for the two seized devices, which were too large to be transmitted digitally. On April 11, defense counsel gave the government a 1 TB hard drive for the native files, which the government returned on April 15. On April 28, defense counsel dropped off a larger hard drive for the remaining files, which consisted primarily of digital images of the seized devices. On May 13, defense counsel picked up the hard drive containing these additional files. These materials were produced pursuant to a Protective Order.

    c) The high volume of discovery, coupled with the nature and scope of the charges in the indictment, make the case so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

    d) Counsel for Ms. Humber has spent approximately 360 hours to date working on

this case, which is comparable to a capital case. For reference, the government has been investigating the Terrorgram Collective since at least 2019 and their investigation is ongoing. Counsel for Ms. Humber has been assigned to this case for approximately nine months. Defense counsel estimates that she has reviewed a small fraction of the discovery produced to date.

   e) Counsel for the defendant will require additional time to complete review the discovery materials and charges, conduct investigation, conduct research related to the charges, assess the viability of any pretrial motions, and arrange for in-person visits with the defendant to discuss defenses and potential resolutions.

   f) Counsel for the defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of June 6, 2025 to September 26, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

[CONTINUED ON NEXT PAGE]

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 23, 2025

| MICHELE BECKWITH | HARMEET K. DHILLON | SUE BAI |
|---|---|---|
| Acting United States Attorney | Assistant Attorney General | Supervisory Official |
| Eastern District of California | Civil Rights Division | National Security Division |
| /s/ Robert Abendroth | /s/ SAMUEL KUHN | /s/ PATRICK CASHMAN |
| ROBERT ABENDROTH | SAMUEL KUHN | PATRICK CASHMAN |
| Assistant U.S. Attorney | Trial Attorney | Trial Attorney |

Dated: May 23, 2025                    By:   /s/ Noa Oren
                                             Noa Oren
                                             Counsel for Dallas Erin Humber

**[PROPOSED] ORDER**

IT IS SO FOUND AND ORDERED this ____ day of _____, ____.

The Honorable Dena Coggins
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4