1   KIMBERLY A. SANCHEZ
    Acting United States Attorney
2   ROBERT ABENDROTH
    Assistant United States Attorney
3
        United States Attorney's Office
4       501 I Street, Suite 10-100
        Sacramento, CA. 95814
5       Telephone: (916) 554-2700

6   HARMEET K. DHILLON
    Assistant Attorney General, Civil Rights Division
7   CHRISTOPHER J. PERRAS
    Special Litigation Counsel
8   SAMUEL KUHN
    Trial Attorney
9
        U.S. Department of Justice
10      950 Pennsylvania Avenue NW
        Washington, DC 20530
11      Telephone: (202) 514-3847

12  JOHN A. EISENBERG
    Assistant Attorney General, National Security Division
13  PATRICK CASHMAN
    Trial Attorney
14
        U.S. Department of Justice
15      950 Pennsylvania Avenue NW
        Washington, DC 20530
16      Telephone: (202) 514-2007

17
    Attorneys for Plaintiff
18  United States of America

19                  IN THE UNITED STATES DISTRICT COURT
20                     EASTERN DISTRICT OF CALIFORNIA
21
    UNITED STATES OF AMERICA,              CASE NO.  2:24-cr-00257-DC
22
                        Plaintiff,         PLEA AGREEMENT
23
                   v.
24
    DALLAS ERIN HUMBER,
25
                        Defendant.
26

27  PLEA AGREEMENT                              1
28

# I.     INTRODUCTION

### A.     Scope of Agreement.

The indictment in this case charges the defendant with violation(s) of 18 U.S.C. § 371 – Conspiracy (Count One); 18 U.S.C. § 373 – Solicitation of Hate Crimes (Counts Two, Three, Four, and Five); 18 U.S.C. § 373 – Solicitation of the Murder of Federal Officials (Counts Six, Seven, and Eight); 18 U.S.C. § 119 – Doxing Federal Officials (Counts Nine, Ten, and Eleven); 18 U.S.C. § 875 – Interstate Threatening Communications (Count Twelve); 18 U.S.C. § 842(p) – Distribution of Information Relating to Explosives and Destructive Devices (Counts Thirteen and Fourteen); and 18 U.S.C. § 2339A – Conspiracy to Provide Material Support to Terrorists (Count Fifteen).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California and the Civil Rights Division and National Security Division of the U.S. Department of Justice (collectively, the "government") and the defendant regarding this case.  This plea agreement is limited to the foregoing parties and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.     Rule 11(c)(1)(C) Specific Sentence Agreement

The government and the defendant agree that a specific sentence range, set forth below in paragraph VI.C., would be appropriate in this case.  Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Under the provisions of Rule 11(c)(3)(A), the Court may accept or reject the plea agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.  If the Court accepts the plea agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this plea agreement.  If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw her plea(s), and advise her that if she persists in a guilty plea the disposition of the case may be less favorable to her than is contemplated by this plea agreement.

## II.    DEFENDANT'S OBLIGATIONS

### A.    Guilty Plea.

The defendant will plead guilty to all of the counts charged in the indictment: specifically, violations of 18 U.S.C. § 371 – Conspiracy (Count One); 18 U.S.C. § 373 – Solicitation of Hate Crimes (Counts Two, Three, Four, and Five); 18 U.S.C. § 373 – Solicitation of the Murder of Federal Officials (Counts Six, Seven, and Eight); 18 U.S.C. § 119 – Doxing Federal Officials (Counts Nine, Ten, and Eleven); 18 U.S.C. § 875 – Interstate Threatening Communications (Count Twelve); 18 U.S.C. § 842(p) – Distribution of Information Relating to Explosives and Destructive Devices (Counts Thirteen and Fourteen); and 18 U.S.C. § 2339A – Conspiracy to Provide Material Support to Terrorists (Count Fifteen). The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that she will not be allowed to withdraw her plea(s) should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.    Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees that her conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and she agrees to pay an amount of restitution to be determined by the Court upon sentencing or at a subsequent restitution hearing, including, but not limited to, restitution to the victims covered in the factual basis, and other victims as a result of the

defendant's conduct for the offenses charged from the periods of January 1, 2022, through September 30, 2024. Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of her assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

**C.      Fine.**

The parties agree that no fine is appropriate in this case.

**D.      Special Assessment.**

The defendant agrees to pay a special assessment of $1500 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if she fails to pay the assessment prior to that hearing.

**E.      Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set

PLEA AGREEMENT                                        4

1   forth herein. A defendant violates the plea agreement by committing any crime, by plotting to commit

2   any crime, by providing or procuring any statement or testimony which is knowingly false, misleading,

3   or materially incomplete in any litigation or sentencing process in this case, or by engaging in any post-

4   plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or

5   agreements regarding arguments as to 18 U.S.C. § 3553, as set forth in this agreement, personally or

6   through counsel, also constitutes a violation of the plea agreement. The government also shall have the

7   right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any

8   counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would

9   otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for

10   any federal criminal violation of which the government has knowledge. The decision to pursue any or

11   all of these options is solely in the discretion of the government.

12        By signing this plea agreement, the defendant agrees to waive any objections, motions, and

13   defenses that the defendant might have to the government's decision. Any prosecutions that are not

14   time-barred by the applicable statute of limitations as of the date of this plea agreement may be

15   commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

16   limitations between the signing of this plea agreement and the commencement of any such prosecutions.

17   The defendant agrees not to raise any objections based on the passage of time with respect to such

18   counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

19   Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

20   of the date of this plea agreement. The determination of whether the defendant has violated the plea

21   agreement will be under a probable cause standard.

22        In addition, (1) all statements made by the defendant to the government or other designated law

23   enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

24   whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

25   administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

26   claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

27

PLEA AGREEMENT            5

28

1   Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

2   the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

3   By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

4       **F.      Asset Disclosure.**

5           The defendant agrees to make a full and complete disclosure of her assets and financial

6   condition, and will complete the government's "Authorization to Release Information" and "Financial

7   Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including

8   supporting documentation.  The defendant also agrees to have the Court enter an order to that effect.

9   The defendant understands that if she fails to complete truthfully and provide the described

10  documentation to the government within the allotted time, she will be considered in violation of the

11  agreement, and the government shall be entitled to the remedies set forth in section II.E above.

12          Defendant expressly authorizes the United States to immediately obtain a credit report to

13  evaluate defendant's ability to satisfy any monetary penalty imposed by the court.  Defendant also

14  authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held

15  by the U.S. Probation Office.

16      **III.     THE GOVERNMENT'S OBLIGATIONS**

17      **A.      Dismissals/Other Charges.**

18          If the Court accepts this Rule 11(c)(1)(C) plea agreement, the government agrees not to bring

19  any other charges arising from the conduct outlined in the Factual Basis, attached hereto as Exhibit A, or

20  any other charges predicated on evidence known by the government as of the date of this plea agreement.

21      **B.      Recommendations.**

22          1.      Incarceration Range.

23          The government will recommend that the defendant be sentenced within the agreed-upon

24  sentencing range set forth below in paragraph VI.C.

25          2.      Acceptance of Responsibility.

26          The government will recommend a two-level reduction (if the offense level is less than

27

28

1    16) or a three-level reduction (if the offense level reaches 16) in the computation of her offense level if

2    the defendant clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. §

3    3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of

4    the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

5    in conduct that violates federal law or constitutes obstruction of justice within the meaning of U.S.S.G §

6    3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

7    **C.**    **Use of Information for Sentencing.**

8    The government is free to provide full and accurate information to the Court and Probation,

9    including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

10    statements or arguments by the defendant, her attorney, Probation, or the Court. The defendant also

11    understands and agrees that nothing in this Plea Agreement bars the government from defending on

12    appeal or collateral review any sentence that the Court may impose.

13    **IV.**    **ELEMENTS OF THE OFFENSES**

14    At a trial, the government would have to prove beyond a reasonable doubt the following

15    elements of the offenses to which the defendant is pleading guilty:

16    **Count 1 (Conspiracy).** In order to obtain a conviction for the violation of 18 U.S.C. § 371

17    charged in Count 1 of the indictment, the government must prove the following elements beyond a

18    reasonable doubt:

19    1.    Beginning on or about January 2022, and ending on or about September 2024, there was

20      an agreement between two or more persons to commit at least one crime as charged in the

21      indictment, specifically: to solicit hate crimes; or to solicit the murder of federal officials;

22      or to knowingly make publicly available restricted personal information about federal

23      officers or employees with the intent to threaten, intimidate, or incite crimes of violence

24      against them; or to knowingly transmit in interstate commerce a communication

25      containing a threat to injure the person of another; or to distribute, by any means,

26      information pertaining to the manufacture or use of an explosive or destructive device,

27    PLEA AGREEMENT        7

28

with the intent that the information be used for, or in furtherance of, an activity that

constitute a federal crime of violence; and

2.    The defendant became a member of the conspiracy knowing of at least one of its objects

and intending to help accomplish it; and

3.    One of the members of the conspiracy performed at least one of the overt acts in

furtherance of the conspiracy enumerated in the indictment.

**Counts 2, 3, 4, and 5 (Solicitation of a Hate Crime)**. In order to obtain a conviction for the violations of 18 U.S.C. § 373 and 249 charged in Count 2, 3, 4, and 5 of the indictment, the government must prove the following elements beyond a reasonable doubt:

1.    The defendant intended for another person to commit conduct constituting the federal

felony crimes of violence charged in Counts 2, 3, 4, and 5; namely, to willfully cause

bodily injury to any person because of the actual or perceived race, color, religion,

national origin, sexual orientation, or gender identity of any person, in an attempt to kill,

in violation of 18 U.S.C. 249, and

2.    Under circumstances strongly corroborative of that intent, the defendant solicited

commanded, induced, or otherwise endeavored to persuade another person to engage in

such conduct.

**Counts 6, 7, and 8 (Solicitation of the Murder of a Federal Official)**. In order to obtain a conviction for the violations of 18 U.S.C. § 373 and 1114 charged in Counts 6, 7, and 8 of the indictment, the government must prove the following elements beyond a reasonable doubt:

1.    The defendant intended for another person to commit conduct constituting the federal

felony crimes of violence charged in Counts 6, 7, and 8; namely, the unlawful killing,

with malice aforethought, of an officer or employee of the United States on account of

the performance of his/her official duties in violation of 18 U.S.C. 1114; and

2.    Under circumstances strongly corroborative of that intent, the defendant solicited commanded, induced, or otherwise endeavored to persuade another person to engage in such conduct.

**Counts 9, 10, and 11 (Doxing a Federal Official)**. In order to obtain a conviction for the violations of 18 U.S.C. § 119 charged in Counts 9, 10, and 11 of the indictment, the government must prove the following elements beyond a reasonable doubt:

1.    The defendant knowingly made publicly available restricted personal information about an officer or employee of the United States while such officer or employee was engaged in, or on account of the performance of, official duties;

2.    The defendant acted with the intent to threaten, intimidate, or incite the commission of a crime of violence against that covered person.

**Count 12 (Interstate Threatening Communication)**. In order to obtain a conviction for the violation of 18 U.S.C. § 875(c) charged in Count 12 of the indictment, the government must prove the following elements beyond a reasonable doubt:

1.    The defendant knowingly transmitted in interstate or foreign commerce a communication containing a threat to injure; and

2.    The defendant transmitted that communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.

**Counts 13 and 14 (Distribution of Information Relating to Explosives)**. In order to obtain a conviction for the violations of 18 U.S.C. § 842(p) charged in Counts 13 and 14 of the indictment, the government must prove the following elements beyond a reasonable doubt:

1.    The defendant distributed, by any means, information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction; and

2.    The defendant did so with the intent that the information be used for, or in furtherance of, the activities constituting the federal crimes of violence charged in Counts 13 and 14.

PLEA AGREEMENT                                     9

1       **Count 15 (Conspiracy to Provide Material Support to Terrorists).** In order to obtain a

2   conviction for the violation of 18 U.S.C. § 2339A charged in Count 15 of the indictment, the

3   government must prove the following elements beyond a reasonable doubt:

4           1.     The defendant provided material support or resources, or concealed or disguised the

5                 nature, location, source, or ownership of the material support or resources; and

6           2.     The defendant provided this support or resources knowing or intending that they were to

7                 be used in preparation for, or in carrying out, or in preparation for, or in carrying out, the

8                 concealment of an escape from the commission of, a violation of 18 U.S.C. §

9                 844(f)(1)(2) (arson or bombing of federal property), 844(i) (arson or bombing of

10                 property used in interstate or foreign commerce), 1114 (killing or attempted killing of a

11                 federal official), or 1366 (destruction or damage of an energy facility).

12       The defendant fully understands the nature and elements of the crimes charged in the indictment

13   to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with

14   her attorney.

15                       **V.**     **MAXIMUM SENTENCE**

16     **A.**     **Maximum Penalty.**

17       If the Court accepts this Rule 11(c)(1)(C) agreement, the maximum sentence that the Court can

18   impose is 30 years of incarceration, a fine of $3,750,000, a life term of supervised release, and a special

19   assessment of $1500. By signing this plea agreement, the defendant also agrees that the Court can order

20   the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant

21   agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which

22   she is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to

23   discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

24     **B.**     **Violations of Supervised Release.**

25       The defendant understands that if she violates a condition of supervised release at any time

26   during the term of supervised release, the Court may revoke the term of supervised release and require

27   PLEA AGREEMENT                     10

28

1    the defendant to serve a maximum of life imprisonment.

2                        VI.    **SENTENCING DETERMINATION**

3        **A.    Statutory Authority.**

4            The defendant understands that the Court must consult the Federal Sentencing Guidelines and

5    must take them into account when determining a final sentence.  The defendant understands that the

6    Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

7    Sentencing Guidelines and must take them into account when determining a final sentence.  The

8    defendant further understands that the Court will consider whether there is a basis for departure from the

9    guideline sentencing range (either above or below the guideline sentencing range) because there exists

10   an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

11   consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

12   understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

13   impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

14       **B.    Stipulated Guideline Calculation.**

15           The government and the defendant agree that there is no material dispute as to the following

16   sentencing guidelines calculations and therefore stipulate to the following:

17            1.    Base Offense Level:            43 (2A1.5(c)(1)→2A1.1(a))

18            2.    Hate Crime Adjustment:         +3 (3A1.1(a))

19            3.    Terrorism Adjustment:          +12 (3A1.4(a))

20            4.    Aggravating Role Adjustment:   +4 (3B1.1(a))

21            5.    Acceptance of Responsibility:  -3 (3E1.1)

22            6.    Total Offense Level:           59

23            7.    Criminal History:             VI (3A1.4(b))

24            8.    Sentencing Range:             Life imprisonment

25       **C.    Specific Sentence Agreement.**

26           Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of incarceration from 25 years

27

28

1  (minimum) to 30 years (maximum), followed by a lifetime period of supervised release, is a just and
2  appropriate disposition of this case.

3  ### VII.    WAIVERS

4  #### A.    Waiver of Constitutional Rights.

5  The defendant understands that by pleading guilty she is waiving the following constitutional
6  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to
7  be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative
8  defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of
9  conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to
10 testify on her behalf; (f) to confront and cross-examine witnesses against her; and (g) not to be
11 compelled to incriminate herself.

12 #### B.    Waiver of Appeal and Collateral Attack.

13 The defendant understands that the law gives the defendant a right to appeal her guilty plea,
14 conviction, and sentence.  The defendant agrees as part of her plea(s), however, to give up the right to
15 appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not
16 exceed 30 years in prison.  The defendant understands that this waiver includes, but is not limited to, any
17 and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including
18 arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all
19 claims that the statement of facts attached to this agreement is insufficient to support the defendant's
20 plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court
21 may impose.

22 Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if
23 one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the
24 statutory maximum or the sentencing range agreed upon in this plea agreement; and/or (2) the government
25 appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently
26 and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

27 PLEA AGREEMENT                                    12
28

1    In addition, regardless of the sentence the defendant receives, the defendant also gives up any

2   right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

3   aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

4    Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

5   attempts to vacate her plea(s), dismiss the underlying charges, or modify or set aside her sentence on any

6   of the counts to which she is pleading guilty, the government shall have the rights set forth in Section

7   II.E herein.

8    C.    **Waiver of Attorneys' Fees and Costs.**

9    The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

10  119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

11  investigation and prosecution of all charges in the above-captioned matter and of any related allegations

12  (including without limitation any charges to be dismissed pursuant to this plea agreement and any

13  charges previously dismissed).

14   D.    **Impact of Plea on Defendant's Immigration Status.**

15   Defendant recognizes that pleading guilty may have consequences with respect to her

16  immigration status if she is not a citizen of the United States. Under federal law, a broad range of

17  crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The

18  defendant and her counsel have discussed the fact that the charge to which the defendant is pleading

19  guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under

20  8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration

21  proceedings to avoid or delay removal, it is virtually certain that defendant will be removed if she is not

22  a citizen of the United States. Removal and other immigration consequences are the subject of a

23  separate proceeding, however, and defendant understands that no one, including her attorney or the

24  district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant

25  nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her

26  plea may entail, even if the consequence is her automatic removal from the United States.

27  PLEA AGREEMENT                              13

28

VIII.    **ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

IX.    **APPROVALS AND SIGNATURES**

A.    **Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  8/8/25

_____
NOA OREN
Attorney for Defendant

B.    **Defendant.**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:
8/8/2025

_____
DALLAS ERIN HUMBER
Defendant

1

    C.    <u>Attorneys for United States:</u>

2

    I accept and agree to this plea agreement on behalf of the government.

3

4    Dated:  8 / 8 / 25          KIMBERLY A. SANCHEZ

5                             Acting United States Attorney
                              Eastern District of California

6

7                             Robert Abendroth
                             Assistant United States Attorney

8

9                             HARMEET K. DHILLON

10                            Assistant Attorney General
                             Civil Rights Division

11

12                             Christopher J. Perras
                             Special Litigation Counsel

13                             Samuel A. Kuhn
                             Trial Attorney

14

15

16                             JOHN A. EISENBERG

17                             Assistant Attorney General
                             National Security Division

18

19                             Patrick Cashman
                             Trial Attorney

20

21

22

23

24

25

26

27    PLEA AGREEMENT                  15

28

EXHIBIT "A"

Factual Basis for Plea(s)

From July 2022 until her arrest in September 2024, Defendant Humber served as a leader of the Terrorgram Collective, a transnational terrorist group. The Terrorgram Collective promoted white supremacist accelerationism: an ideology centered on the belief that the white race is superior; that society is irreparably corrupt and cannot be saved by political action; and that violence and terrorism is necessary to ignite a race war and "accelerate" the collapse of the government and the rise of a white ethnostate. To achieve that end, Defendant Humber and other members of the Terrorgram Collective solicited individuals to commit hate crimes, terrorist attacks on critical infrastructure, and assassinations; and provided technical, inspirational, and operational guidance to equip those individuals to plan, prepare for, and successfully carry out those attacks.

Hate Crimes. Through Terrorgram publications, videos, posts, chats, and direct messages, Defendant Humber solicited others to commit bias-motivated attacks targeting the following groups: Black people; white people who associate with Black people, whom they deem "race traitors"; Jewish people; non-white immigrants; and lesbian, gay, bisexual, and transgender people. Inspired and guided by Defendant Humber and the Terrorgram Collective, the following individuals committed bias-motivated attacks:

    (1)    J.K., who shot three people, killing two, at an LGBT bar in Bratislava, Slovakia;

    (2)    G.C., who shot eleven people, killing four, at two schools in Aracruz, Brazil; and

    (3)    A.K., who stabbed five people outside of a mosque in Eskisehir, Turkey.

Terrorist Attacks on Critical Infrastructure. Through Terrorgram publications, videos, posts, chats, and direct messages, Defendant Humber solicited others to commit terrorist attacks on critical infrastructure. Inspired and guided by Defendant Humber and the Terrorgram Collective, the following individuals were plotting to commit infrastructure attacks when they were arrested by law enforcement:

    (4)    A.T., who was plotting to attack an energy facility in New Jersey;

    (5)    S.P., who was plotting to bomb an energy facility in Tennessee;

A-1

1       <u>Assassinations</u>.  Defendant Humber collaborated with other members of the Terrorgram

2   Collective to create "The List," a Terrorgram publication of "high-value targets" for assassination that

3   they described as a "kill list in book form", "a kill book complete with full doxes and images", and "a

4   phone book for kill list doxes".  The List includes a "List card" for each target that displays the target's

5   name, home address, and photograph; and a photograph of the target's residence, if available.

6   Individuals named in The List, many of whom were targeted because of race, religion, national origin,

7   sexual orientation, and/or gender identity, include federal officials—such as a United States Senator

8   (Federal Official 1), a United States District Court Judge (Federal Official 2), and a former United States

9   Attorney (Federal Official 3); state officials; municipal officials; and leaders of private companies and

10  non-governmental organizations.  Defendant Humber and other members of the Terrorgram Collective

11  disseminated The List, individual List cards, and links to The List archive to like-minded

12  accelerationists on Terrorgram, frequently with comments encouraging them to take action.  Inspired

13  and guided by Defendant Humber and the Terrorgram Collective, the following individuals attempted to

14  assassinate public officials when they were arrested by law enforcement:

15      (6)    J.P., who attempted to assassinate an Australian official;

16      (7)    N.C., who murdered two people in Wisconsin in furtherance of his plot to assassinate a

17           federal official, but was arrested by law enforcement before he could carry out that plot.

18

19      I hereby swear and affirm that this factual basis statement, and the General Allegations of the

20  Indictment, which are hereby incorporated by reference, are true and correct to the best of my

21  knowledge.

22  8/8/2025

23                            DALLAS ERIN HUMBER

24

25

26

27

28  PLEA AGREEMENT               A-2